UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                              Chapter 7

Arrel Adoma Leatherwood,                            Case Number 17-50551

    Debtor.                     Hon. Mark A. Randon

_____/

## OPINION AND ORDER FINDING CREDITOR IN CIVIL CONTEMPT
## FOR VIOLATION OF THE DISCHARGE INJUNCTION

### I.    INTRODUCTION

Chapter 7 debtor, Arrel Leatherwood, asks the Court to find Options for You, LLC ("Options") in civil contempt for filing two post-discharge tax garnishments. But Leatherwood is partly responsible for Options' conduct. Inadvertently or by design, she failed to include the debt to Options on her bankruptcy schedules or list Options as a creditor. Because of these omissions, Options was unaware of Leatherwood's bankruptcy when it filed and received funds from the State of Michigan on its first garnishment. The same cannot be said of the second garnishment: During the disclosure period, and six months before Options received any additional funds, Leatherwood's attorney notified Options' owner of the bankruptcy and discharge order; she demanded Options release the second garnishment and refund the money received on the first. Options' owner refused both requests, prompting this motion.

Under the Supreme Court's *Taggart* standard, Options did not engage in

1

contemptible conduct related to the first tax garnishment. However, because it had no objective basis for refusing to release the *then-pending* second tax garnishment–and continues to improperly retain those funds to this day–the Court **GRANTS** Leatherwood's motion and finds Options in contempt for violation of the discharge injunction.

## II. FACTS

These facts are not disputed. Options obtained a state court judgment against Leatherwood in 2016. On July 21, 2017, Leatherwood filed her no-asset Chapter 7 bankruptcy; she failed to schedule Options' judgment or list it as a creditor. The Chapter 7 Trustee fully administered the case and determined there were no assets in the bankruptcy estate for distribution to creditors. The Court entered Leatherwood's discharge order on November 16, 2017. Relevant here, the order contains three provisions and a black-box caveat:

> **Creditors cannot collect discharged debts**
> this order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney fees.
>
> \*   \*   \*
>
> **Most debts are discharged**
> Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed

before the debtors' bankruptcy case was filed.

*   *   *

**Some debts are not discharged**

> • some debts which the debtors did not properly list

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist.  Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

(Emphasis in original).

Unaware of Leatherwood's bankruptcy and discharge, Options filed two garnishment requests with the State of Michigan for her state income tax refund. The first garnishment was filed in December of 2018 for the 2018 tax year. Options received $1,235.56 in garnished funds on or about May 3, 2019. The second garnishment was filed in November of 2019 for the 2019 tax year.

On February 19, 2020, the State of Michigan, Department of Treasury notified Leatherwood that her 2019 income tax refund was scheduled to be applied to Options' debt unless a "release, satisfaction of judgment, or bankruptcy notice (validated by the court) was received in their office within the 28 days." After receiving this notice, Leatherwood contacted her bankruptcy attorney, Marguerite Hammerschmidt.

On February 27, 2020, Hammerschmidt called Brian Mitson, the sole member of

Options, and informed him of Leatherwood's bankruptcy and discharge order. Two days later, she sent him a copy of the Notice of Commencement of the Bankruptcy Case and the discharge order. Hammerschmidt asked Mitson to release the second garnishment and refund the money received on the first.[1] On March 5, 2020, Mitson informed Hammerschmidt that he was going to retain counsel to review the matter, and that he would get back to her. Hammerschmidt never heard back from Mitson. Six months later, the State of Michigan sent Options a check for $1,315.00 on its second garnishment. Options has not refunded this money to Leatherwood.

Mitson retained counsel. Despite consulting with his attorney, Mitson's opinion of the matter has not changed: the judgment debt was not, and is not, discharged. Options, therefore, had no affirmative obligation to release the second garnishment *filed* before it knew about the bankruptcy, or return any garnished funds. This aside, Options insists it made no attempt to collect the debt after 2019.

### III. ANALYSIS

Under section 523 of the Bankruptcy Code:

(a)  A discharge under section 727 . . . does not discharge an individual debtor from any debt–

*   *   *

---

[1] Hammerschmidt says she reached out to Mitson several times between February 27, 2020, and March 26, 2020, by phone and text asking him to release the 2019 tax garnishment and return all funds to Leatherwood.

4

17-50551-mar    Doc 33    Filed 02/23/21    Entered 02/23/21 16:14:46    Page 4 of 8

> (3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit–
>
> > (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing[.][2]

11 U.S.C. § 523(a)(3). However, in our circuit, the issue of whether an unlisted debt in a no-asset Chapter 7 remains indefinitely not discharged was resolved more than 22 years ago. *Zirnhelt v. Madaj (In re Madaj)*, 149 F.3d 467 (6th Cir. 1998). Like Options, the creditors in *In re Madaj* "believed, and still believe, that an unlisted debt is not discharged." *In re Madaj*, 149 F.3d at 468. To clear up the "confusion," the court engaged "in a review of the provisions governing dischargeability of debts and the effect of a discharge in a Chapter 7." *Id*. at 469. It held that "the *moment* the creditor receives notice or knowledge of the bankruptcy case, § 523(a)(3)(A) ceases to provide the basis for an exception to discharge. Consequently, the debt at that point is discharged." *Id.* at 470 (emphasis added). The court continued:

> Thus it should come as no surprise that the exception contained in § 523(a)(3)(A)–designed as it is to prevent an ignorant creditor from suffering an unjust loss by having a debt discharged without his knowing it–operates differently in no-asset cases where there is little risk that a creditor will suffer a disadvantage resulting from an unscheduled debt.

---

[2]Options has not alleged that the debt was of a kind under subsection (2), (4), or (6). It also has not contested the fact that had the judgment debt been timely scheduled, it would have been dischargeable under 11 U.S.C. § 523.

*Id.* Thus, after *In re Madaj*, there could be no doubt that on February 27, 2020, when Options first received notice of her bankruptcy, Leatherwood's personal liability on its judgment debt was–at that point–discharged.

The effect of the discharge on February 27, 2020, was to void Options' judgment to the extent it was "a determination of the personal liability of the debtor with respect to any debt discharged under section 727." 11 U.S.C. § 524(a)(1). It also enjoined Options from continuing the then-pending second garnishment. 11 U.S.C. § 524(a)(2). Because Options' judgment was void–it could not support a pending garnishment. *See e.g., Univ. of Alabama Hospitals v. Warren (In re Warren)*, 7 B.R. 201, 204 (Bankr. N.D. Ala. 1980) ("A discharge will void the underlying judgment and bar prosecution of the garnishment as a means for collecting the discharged debt[.]"); *Fields v. Wade* (*In re Fields*), Case No. 16-3041, 2018 WL 8223420, *3 (Bankr. N.D. Ind. Mar. 13, 2018) ("The state court garnishment obtained by the defendant imposes personal liability on [] [debtor] for a discharged debt in contravention of § 524(a)(1) and is void."). Therefore, Options had "no objectively reasonable basis for concluding that [] [its] conduct might be lawful under the discharge order." *Taggart v. Lorenzen*, ___ U.S. ___, 139 S. Ct. 1795, 1801, 204 L.Ed. 2d 129 (2019). Options was required to take affirmative steps to release the second garnishment and return the wrongfully garnished funds.[3] *Ragone v. Pizza Pan Elyria* (*In*

---

[3]This does not apply to the first garnishment which was completed before Options was notified of the bankruptcy and, therefore, while section 523(a)(3)(A) continued to provide a basis for exception to Leatherwood's discharge.

6

*re Ragone*), Case No. 13-51335, 2020 WL 1672539 (Bankr. N.D. Ohio Mar. 31, 2020) (finding that it was objectively unreasonable under *Taggart* for creditors to take no affirmative steps to end the garnishment of debtor after learning from debtor's attorney he had received a bankruptcy discharge). Instead, Options steadfastly refuses to refund the money from the second tax garnishment almost a year after learning of Leatherwood's bankruptcy and discharge.

The discharge order provides Options no shelter. It states that "*some* debts which the debtors did not properly list" are not discharged. (Emphasis added). However, this does not raise "a fair ground of doubt as to the wrongfulness" of Options' conduct. *Taggart v. Lorenzen*, 139 S.Ct. at 1801. "Some" is not "all" and the discharge order urges creditors to consult with counsel to clear up any confusion. The fact that after discussing the matter with counsel, Options persisted in its erroneous belief that the judgment debt was not discharged is of no moment. Based on firmly established Sixth Circuit precedent, Leatherwood's personal liability on its judgment was discharged effective February 27, 2020. Accordingly, based on the undisputed facts, the Court finds by clear and convincing evidence that Options should be held in civil contempt for violation of the discharge injunction with respect to its failure to release the second tax garnishment and return the garnished fund for almost one year.

Compensatory damages and attorney fees may be awarded as a sanction for civil contempt. *Id*. Leatherwood is entitled to recover compensatory damages for the second

garnishment of $1,315.00. Hammerschmidt is entitled to the filing fee of $260.00 for the motion to reopen and $1,534.00 in attorney fees for her time spent researching, drafting and arguing the motion to reopen and the motion for contempt.[4]

## IV. CONCLUSION

On or before *March 25, 2021*, Options shall deliver two checks to Hammerschmidt: a check payable to Leatherwood for $1,315.00, and a check payable to Hammerschmidt for $1,794.00.

**IT IS ORDERED.**

**Signed on February 23, 2021**

/s/ Mark A. Randon
**Mark A. Randon**
**United States Bankruptcy Judge**

---

[4] The Court has reviewed Hammerschmidt's billing statement and finds the hours expended on the motion and her hourly rate reasonable.